IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FREDDIE LEON MALDONADO et al.,

    Plaintiffs,

    v.                                    CIVIL NO. 98-2381 (RLA)

MUNICIPALITY OF YAUCO et al.,

    Defendants.

## MINUTES AND ORDER OF SECOND STATUS CONFERENCE HELD ON MAY 2, 2000

The parties appeared before the undersigned in chambers for a Status Conference on May 2, 2000, from 3:30 p.m. to 5:10 p.m. WILLIAM NADAL COLON, ESQ., represented plaintiffs. LUIS E. PABON-ROCA, ESQ. and GILDREN CARO PEREZ, ESQ., appeared on behalf of MUNICIPALITY OF YAUCO.

### EXPERT ENGINEER'S REPORT

The Court inquired of counsel as to the status of the discovery proceedings that had been delineated at the last status conference held on February 1, 2000. Counsel for defendant explained that plaintiffs had withdrawn several of their witnesses prior to the witnesses' depositions, that to date they had been unable to conclude plaintiff's own deposition, nor initiated those of the mayor and assemblyman.

The Court also confronted plaintiffs' attorney as to counsel's lack of diligence in ensuring that the court-appointed engineer not only carry out the inspection, but also submit his report on time. Indeed, this most recent appointment of Eng. EMILIANO H. RUIZ by the Court came only after plaintiffs' counsel called him from the undersigned's office to confirm not only that he would have been

**CIVIL NO. 98-2381 (RLA)**                                                                 Page 2

---

available to inspect the facilities, but also that he would have been able to render his report on time, by March 31, 2000. Well over a month had passed and neither of plaintiffs' two attorneys brought to the Court's attention that the engineer had not inspected the site. Indeed, plaintiffs, who after all, initiated this litigation and stand most to gain from a timely inspection and report of the municipality's alleged ADA violations did not so much as contact the engineer after this court's appointment to provide him a copies of the appointment Order, their complaint, and discuss with him the scope of the inspection and/or the nature of the alleged ADA violations.

Accordingly, plaintiffs' and defendant's counsel are hereby ORDERED to contact ENG. EMILIANO RUIZ (tel. No. 774-8955) **on or before May 26, 2000,** to provide to Eng. RUIZ with all of the pertinent information needed to carry out the inspection and render a report.

IT IS FURTHER ORDERED that ENG. RUIZ shall inform the Court via letter dated **no later than June 1, 2000,** whether counsel contacted him and complied with the above directives, and if so, submit therewith a proposed work plan, including an estimate of the time needed to complete the inspection and submit his report.

Plaintiffs are admonished that failure to meet with the engineer as directed or to comply with any of the terms of this Order shall result in the immediate dismissal of their complaint for lack of prosecution.

## PLAINTIFFS' EXPERT REPORT

Also discussed briefly was defendant's motion to strike the expert report of plaintiffs' psychiatric expert witness, DR. TESILUZ VEGA TORRENTINI based on a very belated submission of her expert report.[1] Having discussed the issue, and after review and consideration of the arguments set forth in the parties' motions, the Court hereby **GRANTS** defendants' motion to strike plaintiff's psychiatric expert. Accordingly, DR. VEGA TORRENTINI's report is hereby **STRICKEN**, and she will not be allowed to offer an opinion regarding MR. LEON MALDONADO's alleged mental damages.

## REMAINING DEPOSITIONS

The depositions of the Mayor and Yauco Assemblyman and the conclusion of plaintiff LEON MALDONADO's deposition are scheduled for **May 25 and May 26,** 2000, **commencing at** 9:00 a.m. at plaintiffs' counsel's office.

This Order shall be notified by FAX to counsel or record and to ENG. EMILIANO RUIZ. (Fax No. **774-8633**).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 15th day of May, 2000.

_____
RAYMOND L. ACOSTA
United States District Judge

---

[1] See Motion Requesting Eliminate [sic] of Plaintiff Expert Witness (**docket No. 44**, filed on March 23, 2000. See also, Reply to Defendant's "Motion Requesting Eliminate of plaintiff Expert Witness (**docket No. 45**, filed by plaintiff on April 3, 2000.