IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FREDDIE LEON MALDONADO et al.,

    Plaintiffs,

    v.                                         CIVIL NO. 98-2381 (RLA)

MUNICIPALITY OF YAUCO,

    Defendant.

## MINUTES OF FURTHER SETTLEMENT CONFERENCE HELD ON AUGUST 30, 2001 AND ORDER APPROVING SETTLEMENT AGREEMENT

The parties came before the undersigned in chambers for a Further Settlement Conference on August 30, 2001, from 3:00 p.m. to 3:50 p.m.

LUIS PABON ROCA, ESQ., ANIBAL LUGO, ESQ., and Hon. ABEL NAZARIO QUIÑONES, Mayor of the Municipality of Yauco, appeared on behalf of defendant.

GERARDO SANTIAGO PUIG, ESQ., and WILLIAM NADAL-COLON, ESQ., represented plaintiffs. Also present were MS. ILIA SANTOS VELEZ, FREDDIE LEON SANTOS and ALFREDO LEON SANTOS, the widow and sons, respectively, of FREDDIE LEON MALDONADO, deceased plaintiff.

The parties advised that they had reached a final agreement to end this litigation. The agreement had been signed by MS. SANTOS VELEZ on her own behalf and in representation of her two sons, who have been substituted as plaintiffs in this action.[1] In the Court's presence, the agreement was also signed by the Hon. Mayor of Yauco, ABEL NAZARIO QUIÑONES, thereby endorsing not only the signature, but

---

[1] See docket No. 77.

**CIVIL NO. 98-2381 (RLA)**                                                                 **Page 2**

---

also the commitment made in these proceedings by former Mayor Pedro Jaime Torres.

Accordingly, the agreement entitled "Acuerdo de Relevo y Transacción Privado y Confidencial", filed with the Court on this day is hereby **APPROVED** and this action is hereby **DISMISSED**.

Judgment to be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30th day of August, 2001.

------------------------------
RAYMOND L. ACOSTA
United States District Judge

AO 72
(Rev 8/82)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

*Received and filed this 30th day of August, 2001*

FREDDIE LEON MALDONADO ET AL

Plaintiff                                                        CIV. NUM. 98-2381 (RLA)

v.

MUNICIPALITY OF YAUCO

Defendant

---



**Acuerdo de Relevo y Transacción Privado y Confidencial**

1. El 30 de noviembre de 1998 la parte demandante en este caso radico el caso de epígrafe en el Tribunal Federal para el Distrito de Puerto Rico.

2. Luego de varios incidentes procesales y la toma de deposiciones de varios de los testigos y partes las partes llegaron a la presente transacción.

3. Esta transacción no debe ser interpretada como una aceptación por parte del Municipio de ninguna de las alegaciones contenidas en la demanda, así como tampoco debe reflejar posición alguna de parte de la parte demandada con relación a las alegaciones de su demanda.

4. Las partes se han motivado a llegar a la presente transacción, en aras de resolver una situación que atañe a toda la ciudadanía de Yauco y para ahorrar el dinero que

se utilizaría en la litigación, y a su vez dedicar estos recursos al desarrollo de facilidades para los impedidos de Yauco.

5. Las partes reconocen que el Municipio ha obligado alrededor de cuatrocientos mil dólares ($400, 000) en el presupuesto de 2000-2001 a mejorar las facilidades públicas del municipio en lo que respecta al acceso por parte de personas con impedimentos, así como en facilidades para esta población.

6. Como parte de esta transacción el Municipio se compromete a asignar la cantidad de $25,000.00 a partir del presupuesto 2001-2002 y por los cinco años subsiguientes para obras destinadas a la población con impedimentos. Esta asignación será en adición a otras obras que el Municipio pueda incluir en su presupuesto y planes de desarrollo.




7. Este presupuesto será administrado por un Comité constituido por el Alcalde o su representante, un representante de la familia de Don Freddie León y doña Taty Escobar o su representante.

8. No más tarde de treinta días a partir de la aprobación de cada presupuesto anual, las partes se reunirán para programar la forma y manera en que se utilizaran dichos fondos e identificar las obras que se desarrollaran con los mismos.

9. Ni el señor Freddie León, ni su esposa, también demandante en este caso, así como tampoco su sucesión, recibirán compensación alguna como parte de esta transacción.

10. Los abogados de la parte demandante recibirán un pago de diez mil dólares como compensación de honorarios de abogado por sus gestiones en este caso.

11. La parte demandante, sus herederos, causahabientes y la sucesión de Freddie León desistirán con perjuicio de la reclamación en este caso, y renuncian a cualquier causa de acción que pudieran haber tenido con relación a los hechos de este caso, así como cualquier reclamación de discrimen al amparo de cualquier legislación federal o estatal, así como de cualquier reglamento vigente contra el Municipio de Yauco, su Alcalde y sus funcionarios.

12. Este acuerdo y las obligaciones por el asumidas por las partes serán interpretados en caso de incumplimiento y/o controversia sobre su contenido y/o alcance por un tribunal con competencia.

En ~~Yauco~~ San Juan, Puerto Rico, hoy ~~5~~ 30 de ~~enero~~ agosto de 2001.

Pedro Jaime Torres
Alcalde

En San Juan , Puerto Rico, hoy 30 de ~~enero~~ agosto de 2001.

Ilia Santos Vélez, por si y como
Representante de la Sucesión de
Freddie Leon